# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv149

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DILLIE LOU'S, DELIA JAMES, individually and ) | |
| d/b/a DILLIE LOU'S, and DOES 1 through 100, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court *sua sponte* to provide the Plaintiff with notice pursuant to Federal Rule of Civil Procedure 4(m).

On June 21, 2011, the Plaintiffs initiated this action by filing a complaint. [Doc. 1]. The Summonses were issued electronically for service the next day. [Doc. 6]. Counsel was admitted leave to appear *pro hac vice* on June 29, 2011. [Doc. 9].

To date, the Plaintiff has not filed proof of service. Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that

service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Plaintiff is hereby placed on notice that unless good cause is shown for the failure to effect service of the summons and complaint on the Defendants, this action shall be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days of entry of this Order, the Plaintiff shall show good cause for the failure to effect service on the Defendants.

Signed: October 25, 2011

Martin Reidinger
United States District Judge